IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:08-0096-JFA |
| ) | |
| v. ) | |
| ) | ORDER |
| DENNIS MICHAEL GALLIPEAU ) | |
| ) | |
| _____ ) | |

The defendant, Dennis Michael Gallipeau, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded and moved for summary judgment, contending that defendant's claims are without merit. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of his right and obligation to respond to the motion for summary judgment, and the defendant filed a timely response.[1]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

---

[1] In an order filed August 17, 2011, this court construed the government's motion to dismiss (ECF No. 127) as one for summary judgment because attached to its motion was an affidavit of defense counsel in support of the motion. That same day, the court issued another *Roseboro* order. Mr. Gallipeau did not respond to the second *Roseboro* order and the deadline to do so has expired.

1

In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The present petition was filed on December 10, 2010 and is within the one-year time limitations set forth in 28 U.S.C. § 2255.

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

## PROCEDURAL HISTORY

The defendant was charged in February 2008 with activities constituting crimes of child pornography. Specifically, he was charged in Count 1 with transporting child pornography by computer in interstate commerce, in violation of 18 U.S.C. § 2252(A)(1). Count 2 charged the defendant with attempting to persuade and induce a child under the age of 18 to engage in sexual activity on March 28, 2007, in violation of 18 U.S.C. § 2422(b). Count 3 charged Gallipeau with violating 18 U.S.C. § 2252(A)(a)(5)(b), by possessing material that contained images of child pornography on August 12, 2007. The maximum statutory penalty for Counts 1 and 2 was imprisonment for a term of 20 years, while Count 3 carried a maximum penalty of only 10 years imprisonment.

Gallipeau was originally released on bond, which was revoked when he violated its terms by leaving the District of South Carolina. He was thereafter ordered to undergo a psychiatric evaluation, after which this court found that he was competent to proceed. There then followed a skirmish with Gallipeau's court-appointed public defender, and the court appointed William W. Watkins, an experienced local practitioner, to represent the defendant.

Eventually, Gallipeau agreed to plead guilty to Count 3 of the indictment with the government agreeing to dismiss the two remaining counts. The plea agreement entered into by the government and the defendant agreed that the appropriate disposition of the case would be a sentence of between 84 and 120 months, with a proviso that if the court declined a sentence within that range, the defendant could withdraw his plea. The plea agreement, which is discussed in more detail later in this order, reduced Gallipeau's exposure to a maximum of 10 years, as opposed to a potential sentencing range of 188 to 235 months if he was convicted after a trial.

After receiving a Presentence Report (PSR), the court conducted a sentencing hearing on November 23, 2009. At the hearing, the court resolved all objections filed by the defendant, ruling in his favor with respect to a five-level enhancement, which significantly reduced his guideline range. The revised advisory guidelines were calculated, resulting in a range of 78 to 97 months. This court then imposed a 97 month term of incarceration as part of his sentence. This range was within the agreed upon range contained in the plea agreement and well below the statutory maximum sentence of 10 years for the crime of conviction. No direct appeal of Gallipeau's conviction or sentence was taken.

Gallipeau now returns to this court with a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. In his motion, he sets out three grounds for collateral attack, which are discussed in more detail in this order. For the reasons which follow, the court has determined that Gallipeau has waived the right to bring the claims asserted in this action; that if the claims have not been waived, Gallipeau is nevertheless procedurally barred from raising these claims for reasons of waiver and default; and, if the court were to reach the merits of the claims, all claims asserted in this action should fail on their merits.

## GROUNDS FOR RELIEF

Gallipeau asserts three grounds of relief, all of which are said to be the result of his trial counsel's ineffectiveness. Specifically, the defendant contends that his trial counsel improperly advised him to enter a plea agreement with several provisions that he believes are unfavorable to him; counsel refused to challenge the seizure of his computer and its contents; and counsel failed to appeal the guidelines specific events characteristics which resulted in a sentencing enhancement.

## STANDARDS OF LAW

Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*,

466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact, and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

DISCUSSION

The § 2255 motion fails for a number of reasons. First, Gallipeau has waived, in his plea agreement, the right to bring this action. Secondly, even if not waived in the plea agreement, Gallipeau's failure to appeal the issues raised in the present § 2255 motion amount to a waiver under existing federal law. Third, even if the court were to reach the grounds of error asserted in this action, they all fail on the merits.

Count 1 of the indictment in this case charged Gallipeau with transporting child pornography by computer in interstate commerce. Count 2 charged him with attempting to persuade and induce a child under the age of 18 to engage in sexual activity. Count 3 charged Gallipeau with possessing material that contained images of child pornography. The maximum statutory penalty for Counts 1 and 2 was imprisonment for 20 years, while Count 3 carried a maximum penalty of 10 years.

After the indictment was handed down, and while Gallipeau was released on bond, he violated the conditions of his bond by traveling out of the State of South Carolina and being arrested in Maine. After that, he was ordered to undergo a psychiatric evaluation after which this court determined him to be competent. Gallipeau thereafter became dissatisfied with his trial counsel and requested new counsel. Although the court rarely does so, in this instance the court determined that a change in attorney was necessary and appointed Columbia attorney William W. Watkins as Gallipeau's new counsel.

Watkins was successful in negotiating a guilty plea to Count 3 of the indictment pursuant to a written plea agreement. The plea agreement executed by Gallipeau contained

numerous standard paragraphs similar to virtually every plea agreement in this district. In addition, the plea agreement contained an optional paragraph, that is present in some, but not all, plea agreements in the District of South Carolina. That paragraph contained an agreement by Gallipeau to partially forego his right to a direct appeal and his right to bring a § 2255 action before this court. The paragraph preserved his right to appeal or collaterally attack his sentence for ineffective assistance of counsel or prosecutorial misconduct. The paragraph waived all appeals in all other respects.

As will be seen, Watkins' efforts in achieving a compromise guilty plea served Gallipeau well. The information provided to the court in this case revealed that as part of an undercover investigation into online activities concerning child pornography, a law enforcement officer in Detroit, Michigan posed as an online mother with a young daughter and son. Gallipeau engaged in several online chats with this officer indicating his desire to commit sexual acts upon her five-year-old daughter. In one instance, Gallipeau transmitted an email message to the officer that included a sexually explicit image of an underage child. Gallipeau told the officer of his plans to travel to Detroit in early April for the purpose of engaging in sexual activity with the five-year-old child.

In August 2007, FBI agents interviewed Gallipeau and obtained his consent to forensically review his computer. That review resulted in a finding of over 100 images of underage females posed in various stages of undressed and sexually explicit positions. During the FBI interview, Gallipeau admitted chatting online with individuals about sex with minors and also admitted to actual illicit sexual conduct with five minor females. As noted

above, while on pretrial supervision, Gallipeau violated the terms of his bond by leaving the District of South Carolina and being arrested in Maine. Under these circumstances, it can readily be seen at the outset that attorney Watkins' efforts in having two of the three charges against Gallipeau dismissed (thereby resulting in a ten-year drop in his maximum sentence), provided significant benefit to Gallipeau in this case.

### THE PLEA AGREEMENT WAIVER

The government contends that this action should be dismissed because Gallipeau agreed to waive his right to file a § 2255 action for all issues, except for ineffective assistance of counsel and prosecutorial misconduct. In this case, according to the government, Gallipeau inappropriately attempts to cast his claims in the guise of ineffective assistance of counsel when he is in actuality challenging the guideline calculations in his sentence. As the transcript reveals, the court reviewed the plea agreement with Gallipeau in detail at his guilty plea colloquy, and took the time to explain in layman's terms the significance of the appeal waiver paragraph. Moreover, the court was especially careful in accepting the guilty plea in this case, given the sensitivity of the issues involved and the court's knowledge that sentencing guidelines provide for especially Draconian penalties for cases involving child pornography. The court thoroughly satisfied itself that the guilty plea was entered freely and voluntarily, and that the defendant was aware of all of the paragraphs and provisions of the plea agreement, including the appeal waiver.

For these reasons, the court has determined that the appeal waiver is valid and should be enforced. That having been said, however, it appears that only the first ground of error

relating to the paragraphs of the PSR that serve to determine the guideline range, is barred because of the appeal waiver. The court agrees with the government that these are simply sentencing guideline issues dressed up as ineffective assistance of counsel claims. The remaining two grounds, however, relating to the failure to file a motion to suppress and the failure to take an appeal are more traditional attorney competency issues, and are not barred by the appeal waiver in the plea agreement.

### PROCEDURAL DEFAULT

As the government points out, collateral review under § 2255 is fundamentally different from and may not replace a direct appeal. In this case, the defendant did not take a direct appeal of his guilty plea or sentence. It is well-settled that when a defendant has procedurally defaulted a challenge to his guilty plea by failing to raise the issues on appeal, the claims may only be brought pursuant to a § 2255 action if the defendant can show (1) cause and prejudice, or (2) that he is actually innocent of the crime for which he was convicted. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In *Bousley*, the Supreme Court held that a voluntary and intelligent plea of guilty, made by an accused who has been advised by competent counsel, as in Gallipeau's case, may not be collaterally attacked. "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review, only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994).

The court agrees with the government that Gallipeau cannot demonstrate either cause or actual innocence in this case and, therefore, is barred from having these claims considered

by the court. Gallipeau was represented by competent counsel and any and all of these issues were available at the time he could have filed a direct appeal. Further, the challenges Gallipeau now raises are neither of a fundamental character nor of constitutional magnitude nor so novel that they would constitute cause or prejudice. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Finally, Gallipeau cannot establish actual innocence—he offers no evidence that he did not commit the crime of conviction. He admitted his guilt under oath at the plea hearing and does not claim that the law has changed in this case. Most of the claims asserted in this § 2255 action are claims that are not cognizable on collateral review. Section 2255 provides that prisoners may move for relief "on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A non-constitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Issues raised in this case are neither constitutional nor fundamental and are not cognizable in a § 2255 action.

### THE ISSUES FAIL ON THEIR MERITS

Gallipeau first contends that his attorney was constitutionally ineffective because he improperly advised the defendant to enter a plea agreement containing many paragraphs that are unfavorable to the defendant. These paragraphs provide for the court's consideration of

dismissed counts as relevant conduct, the court's determining defendant's offense level by considering the facts using a preponderance of the evidence standard, and the absence of a paragraph providing for a possible reduction of sentence for substantial assistance.

As noted above, all of the disputed paragraphs constitute the norm for guilty pleas in the District of South Carolina. It has been this court's experience that virtually every guilty plea proffer pursuant to a written plea agreement contains these identical paragraphs. That having been said, however, it obviously does not follow that the alleged error can be summarily dismissed merely because other defendants have entered into similar paragraphs.

What is significant is the fact that this court conducted a thorough Rule 11 colloquy with the defendant prior to accepting his guilty plea. Because of the sensitive nature of the charges, and the court's knowledge of the severe penalties provided by the guidelines for child pornography cases, the court was especially conscientious in ensuring that Gallipeau was competent; that he understood each of the paragraphs of the plea agreement; and that he was satisfied with the services of his attorney

The court thoroughly discussed these disputed paragraphs, along with all of the other paragraphs in the plea agreement as evidenced by the transcript of the Rule 11 colloquy. Moreover, two of the paragraphs, specifically the one indicating that the court may consider dismissed counts as relevant conduct, and the other paragraph indicting that in determining the offense level, the court can determine the facts using a preponderance of the evidence standard of proof, do nothing more than restate established law in this area. As to the absence of a paragraph providing for a downward departure motion for substantial assistance,

11

it should be remembered that Gallipeau was the lone defendant in this case and it is quite unlikely that he could have provided assistance to authorities in view of the fact that all of his dealings were with unknown persons with whom he had internet chats.

The second ground of ineffective assistance of counsel centers on the fact that Watkins did not move to suppress the seizure of defendant's computer and its contents. In the affidavit furnished to the government and appended to the government's response to the § 2255 petition, Watkins reveals that Gallipeau claimed that he did not sign the consent to search form, but that Gallipeau's previous counsel had hired a handwriting expert who had reviewed the form and, based upon his report, Watkins believed that any challenge to the search based on those grounds would be frivolous. The court agrees. To have filed a motion to suppress in the face of their own retained expert's suggestion that the consent form bore the genuine signature of Gallipeau could well have been counterproductive. Counsel was not ineffective for failing to file a suppression motion under these circumstances.

Finally, Gallipeau contends that his attorney failed to file an appeal. Established law in this circuit indicates that the failure to take an appeal when requested by the client, even if the appeal would have been meritless, constitutes ineffective assistance of counsel. Frequently, this court is confronted with a situation where the defendant indicates that an appeal was requested and the attorney, by way of sworn affidavit, states that no appeal was requested by the client. The Fourth Circuit has held that under these circumstances, the court may not resolve the issue on competing affidavits and must instead conduct an evidentiary hearing.

No evidentiary hearing is required in this case, however, because Watkins has produced a document signed by Gallipeau stating that he did not want to appeal his case. (*See* Aff. of William W. Watkins, Sr. at 5). Just as Watkins cannot escape from his own words uttered during the Rule 11 colloquy, he cannot now be heard to complain that his attorney did not take an appeal when he indicated, in writing, to his attorney, that no appeal was necessary.

For all the foregoing reasons, the § 2255 motion is denied and the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

October 5, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).